On the Merits.
There is no necessity of passing upon the exception of no cause of action separately from the merits. We therefore take up the merits.
The policy sued on contained a forfeiture clause, and in another part of the policy a nonforfeiture clause. In event of noncom-plianee with the first part of the policy or of failure to pay at maturity as stipulated, the second clause provides for a nonforfeiture after three full years’ premiums shall have been paid, provided the insured owes no debt under one of its provisions:
“Upon the nonpayment of any subsequent premium within the thirty days of grace, this policy is automatically extended for the time indicated in the table, printed on the policy.”
The contention of the defendant is that the beneficiary’s claim does not fall within the terms of the nonforfeiture clause of the policy ; while, on the other hand, the contention of plaintiff is that the policy was never forfeited so as to render it possible for defendant to avail itself of the nonforfeiture clause.
The late Mr. Lesseps, the insured, was notified that, his note not having been paid at maturity, the policy under its terms was no longer of any value. A second notice was given to him to the same effect; and he was further informed: That the failure to pay and the consequent cancellation of the policy did not relieve him from his liability.
That he had been protected for a year, and, if he had died within that time, the company would have had to pay the amount of the policy.
He was also informed that the note had been placed in the hands of defendant’s attorney in the city of New Orleans to be collected. He was informed of that which was necessary to be done in order that he might be reinstated.
The insured knew that the company sought to hold him on the note for insurance prior to thé date that the policy became ineffective on account of the nonpayment before mentioned.
Mr. Denegre, attorney for defendant, in effect states that he said to the late Mr. Lesseps that the life of the policy was at an end. The reply of the insured was that, if the policy was forfeited, he did not see why he should owe the note. The witness Denegre, the record states, then said to him that he owed the note for the protection (as stated by the witness), that he had received from December 1, 1902, up to December, 1903, when the policy became null and void because of the nonpayment of the note. The witness adds that the insured asked for time, which he granted as representative of the company, with the distinct understanding between them that the policy had been forfeited, and that it would not be revived by the payment of the note; that to accomplish this revival of the policy he, the insured, would have to pay not only the note, but the premiums accruing in subsequent years which might be due on the policy, and, in addition, that he would have to undergo a physical examination, and furnish the company evidence of his good health.
It appears that the note was subsequently paid, less the fee of attorney stipulated.
Nothing was done by the insured to reinstate the policy, and no request of any kind was made by him of the company.
The stipulation for forfeiture is contained in the policy, and it is also expressed on the premium note and in the receipt.
The testimony shows that the treasurer of the company on the 5th day of February, 1904, addressed a notice to the insured, and called his attention to the relation which he, *617 the insured, bore to the company, and explained to him that the note should be paid, as the premium had been earned. The testimony of the treasurer is about to the same effect. No part of the testimony of the witness before named suggests that defendant acted without notice.
To sustain her demand, plaintiff would have to prove that the late Mr. Lesseps, the insured, paid the defendant three annual premiums on the policy, and that, in' consequence of the payment, the forfeiture clause in the policy and in the note has no application, and could not be enforced.
The trouble with plaintiff is that she cannot succeed in making that proof for only two premiums have been paid in time. The third was not paid in accordance with the terms of the policy, which was paid after forfeiture and a number of months after the maturity of the note. Furthermore, it appears by the evidence that, even if according to plaintiff’s theory the payment on the note be taken as in satisfaction of the third premium, the extended insurance which that payment would have secured would have expired before December 19, 1905, the day of the death of the insured. By no construction would it be possible under the terms of the agreement to hold that the policy was revived because of a waiver of the defendant. There was no waiver. On the contrary, the defendant recognized the forfeiture clause.
Passing from a consideration of the issues of fact to the law, learned counsel for plaintiff quotes from Manhattan Life Ins. Co. v. Wright, 126 Fed. 82, 61 C. C. A. 138, in which it was said, in effect, that time is not of the essence of a contract to repay money borrowed, and an agreement to forfeit is of no effect where the lost money thereby is much in excess of interest during delay.
There is a great difference as relates to the facts in the cited case and the case here. In the former the question involved a loan, and not premiums which the insured had paid.
The insured, having failed to make payment of the note at maturity, was sued as a debtor of the loan secured by the policy as a collateral security. Time, of course, was not of the essence. It is different in matter of a premium on a policy. In regard to premiums the decisions hold that time is of the essence. The decision to which we are referring at present, cited by plaintiff’s counsel, expressly sustains that view. The rules of law applying to a loan do not apply to premiums as relates to time.
Learned counsel for plaintiff quotes article 1890 of the Civil Code, relating to stipulations for the benefit of third persons.
We can only say in answer that the stipulation pour autrui must be kept alive and payments made in accordance with agreement. If it loses vitality, the beneficiary cannot recover.
The next decision cited substantially holds that the insurer can make no statement or admission with a view to prejudice the rights of the beneficiary.
Statements prejudicial to the beneficiary are considered in a different light from failure to pay premiums at maturity or premium notes representing an extended term of payment. Both these failures to pay are subject to special agreement stipulated between the parties.
In Lawrence v. Mutual Penn Life Insurance Co., 113 La. 87, 36 South. 898, another decision cited by plaintiff’s counsel, who refers to that part of the decision in which the court held that the policy could not be returned without the consent of its owners, the point was made that the policy issued had been returned to the company, and that in consequence the right to recover on the policy was lost.
There is no analogy between the cited case and the pending ease. In the cited case the *619 company claimed a right on account of the return of the policy to which it was not entitled as the policy was yet alive, and there was no good reason for the company to claim that there was forfeiture. Differently in the pending case, the policy has become useless in the hands of the beneficiary because of the -forfeiture to which we have before referred.
Learned counsel for plaintiff also cited a number of authorities to sustain the proposition that the policy could not be held forfeited before placing the insured in mora, and invokes the law that certain actions for a passive violation of a contract must be preceded by a placing in default, and that the present, if a violation at all, was a passive violation.
Under the terms of the policy, there was an active violation of the contract. Besides, the very language excludes all idea of the necessity for a default. The contract is filled with conditions against the necessity of a default. As stated before, there was some notice given to the insured and demand made upon him to comply.
This is doubtless a hard case, but we are constrained to hold that the insured was bound by the terms of his policy.
We have found no ground upon which we could base a conclusion favorable to plaintiff’s demand, and which would relieve her from the binding effect of clearly expressed stipulations of the policy.
The contention is, in the second place, that the insured elected to take advantage of the third provision contained in the policy, namely, to have the policy “automatically extended for three years and two months from December 7th, 1902.”
The insured had the right to extend insurance in the event of payment of three premiums.
We have already stated that the insured did not avail himself of that provision. His failure in that respect affects every part of plaintiff’s demand from first to last, and in consequence the beneficiary is without right to recover any of the claim. The note in question was accepted on condition that the policy would be forfeited in case of its nonpayment. To that forfeiture the insured gave effect by paying, as before stated.
The learned counsel have cited a number of decisions. Some of them go far toward sustaining their position, were it not for the emphatic terms of the policy and receipt, and the fact of a complete settlement on the basis of payment of the note for part protection on the policy.
As before stated, that is, doubtless, a hard case; at the same time it is not possible to set aside the acts and declarations of parties, and establish a precedent that would be deplorable.
For reasons assigned, the judgment appealed from is affirmed.